Opinion by
Beaver, J.,
The defendant received, on April 27, 1906, from the Farmers’ 6 Mechanics’ National Bank of Philadelphia a check drawn •by one John F. Brann in favor of the plaintiff. Assuming, as we are bound to do, that the facts stated in the affidavit of defense are correct, there were not sufficient funds to the credit of the drawer of the check at the time of its receipt to pay it in full. Instead of protesting it on the day of its re *127 ceipt, the defendant endeavored to induce the drawer to make good his account, so that the check could be paid. Failing in this, before the close of the business day, the check was protested on the following morning and the Farmers’ & Mechanics’ Bank notified by telegraph of its dishonor.
The bank evidently did two things which it was not bound to do: first, it made an effort to induce the drawer of the check to make it good, and, second, it notified its correspondent in Philadelphia of the dishonor of the check by telegraph.
Did it fail to do anything which it was bound to do? It is claimed by the appellant that the check should have been protested on the day of its receipt, but to our mind no good reason for this contention is presented. The plaintiff could not have been benefited in any way, if the protest had been made on that day instead of the next morning, nor was he injured in any way by the failure to protest at the time when he claims it ought to have been done. On the contrary, the defendant’s efforts were all in his interest and for his benefit.
If we understand the situation, the drawee of the check is still the holder. It was sent by him for collection by way of Philadelphia and was received by the defendant through its Philadelphia correspondent. No indorsers were to be held and none are here complaining of any delay. If the check in question had been sent to a bank other than the defendant for collection, we take it that, under the general rule, presentation upon the following day would have been sufficient. This rule, as stated by Edwards in his work on Bills, etc., sec. 554, is: “According to the general rule, the check ought to be presented as early as the next day after its date or receipt.” No greater duty devolved upon the defendant. Inasmuch as there was no indorser to be held, so far as appears in the statement and affidavit of defense, we fail to see wherein the plaintiff was in any way injured and, unless he can show that, by the delay of the defendant bank in protesting the check, he was in some way injured, he has no right of recovery by reason thereof. There is no allegation in the statement that the plaintiff was in any way injured by the negligence of the defendant, and recovery is not sought upon that ground.
*128 It is alleged in the statement that the defendant charged the check to the account of the drawer and later credited his account with the amount of the check. This is admitted by the defendant, who claims that the charge was made by an employee who had no authority to make it and it was subsequently corrected as soon as called to the attention of the cashier.
It is also alleged that there were funds to the credit of the drawer of the check at the time it was received by the defendant sufficient to pay it and that subsequently, through fraud and collusion, it was made to appear that there were not sufficient funds for this purpose. The affidavit of defense sets forth that at the time of the receipt of the check there was to the credit of the drawer of the check the sum of $343.41, an amount insufficient for the payment of the said check, and that, notwithstanding its efforts to the contrary, the drawer failed to make good his account, so as to place a sum sufficient to pay the check to his credit. This is an explicit denial of the claim of the plaintiff in this behalf.
In any view of the case, we regard the affidavit of defense as sufficient.
The decree of the court below, discharging the rule for judgment for want of a sufficient affidavit of defense, is affirmed, without prejudice, etc., and the appeal dismissed at the costs of the appellant.